# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

IN THE MATTER OF THE PERSONAL
RESTRAINT OF:

EPHRAIM SMITH,

               Petitioner.

No. 79504-0-I

DIVISION ONE

UNPUBLISHED OPINION

PER CURIAM — Ephraim Smith petitions for relief from personal restraint imposed following his 1996 conviction of four counts of first degree kidnapping, three counts of first degree robbery, and one count of attempted first degree robbery, all with firearm enhancements. Smith was 17 years old when he committed these crimes, for which he was tried in adult court. The trial court imposed standard-range sentences totaling 543 months (45.25 years). Smith contends that he is entitled to be resentenced under State v. Houston-Sconiers, in which our Supreme Court held that sentencing courts are vested with "full discretion to depart from the sentencing guidelines and any otherwise mandatory sentence enhancements, and to take the particular circumstances surrounding a defendant's youth into account" when sentencing juveniles in adult court. 188 Wn.2d 1, 34, 391 P.3d 409 (2017).

The State concedes that Smith's petition is timely. See RCW 10.73.100(6) (one-year time bar inapplicable to petition grounded solely in a significant change in the law, material to the conviction or sentence, that applies retroactively); In re Pers. Restraint of Ali, 196 Wn.2d 220, 233, 474 P.3d 507

(2020) (holding, where petitioner was given adult standard range sentence for crimes he committed as a child, that Houston-Sconiers constitutes a significant, material, retroactively applicable change in the law for purposes of RCW 10.73.100(6)), cert. denied, 141 S. Ct. 1754 (2021). The State also concedes that based on the particular circumstances of Smith's 1996 sentencing hearing, Smith can establish both error and prejudice. See In re Pers. Restraint of Sandoval, 189 Wn.2d 811, 821, 408 P.3d 675 (2018) (petitioner must demonstrate both error and prejudice to be entitled to relief via a personal restraint petition). Accordingly, the State agrees that Smith is entitled to resentencing consistent with Houston-Sconiers.

We accept the State's concessions, grant Smith's petition, and remand to the trial court for resentencing. Additionally, given the length of time Smith's petition has been pending and the State's representation that it will not seek further review, we grant the State's request for an expedited certificate of finality and direct the clerk to issue the certificate of finality as soon as is feasible.

For the Court:

_Smith, J._

_Chun, J._

_Appelwick, J._

2